UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

PATRICIA STRINGER, individually and on behalf of
the wrongful death beneficiaries of
DAKOTA JOHNSON, deceased                                               PLAINTIFF

V.                                                  CIVIL ACTION NO. 3:25-CV-787-DPJ-ASH

SOUTHERN ENERGY OPERATING, LLC;
AND SOUTHERN ENERGY CORPORATION                                      DEFENDANTS

ORDER

Plaintiff Patricia Stringer moves to remand this negligence action to state court, Mot.
[13], and Defendants oppose her motion.  The key dispute is the citizenship of Defendants
Southern Energy Operating, LLC (SEO) and Southern Energy Corporation (SEC).  The Court,
having considered the parties' positions, finds that Plaintiff's motion to remand [13] should be
denied.

I.       Facts and Procedural History

On June 4, 2025, Dakota Johnson was killed while "conducting workover operations at a
wellsite in Simpson County," Mississippi.  Compl. [1-2] at 3.  His mother, Patricia Stringer, filed
this negligence action in the Circuit Court of Simpson County.

SEO and SEC removed the case based on diversity jurisdiction.  Notice [1] at 1; *see* 28
U.S.C. § 1332 (diversity of citizenship); 28 U.S.C. § 1441(a) (removal).  They assert that
Plaintiff is a Mississippi resident, and SEC and SEO are citizens of Delaware and Alberta,
Canada.  Notice [1] at 3–4.  Because it is undisputed that the amount in controversy exceeds
$75,000, they say the requirements for diversity jurisdiction are met.  *Id.* at 4.

Plaintiff disagrees, insisting that SEC and SEO "are residents of the forum state."  Pl.'s
Mem. [14] at 1.  As such, she moved to remand the suit to state court.  Mot. [13] at 1.

Alternatively, she requests the opportunity to conduct jurisdictional discovery. *Id.* Defendants responded in opposition. Defs.' Resp. [15]; Defs.' Mem. [16]. Plaintiff declined to file a reply, and the time to do so has passed.

II.    Standard

The rules for citizenship of corporations and LLCs are different. Under § 1332(c)(1), "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." "'[P]rincipal place of business' is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities," often referred to as "the corporation's 'nerve center.'" *Hertz Corp. v. Friend*, 559 U.S. 77, 92–93 (2010). "[I]t should normally be the place where the corporation maintains its headquarters—provided that the headquarters is the actual center of direction, control, and coordination . . . and not simply an office where the corporation holds its board meetings (for example, attended by directors and officers who have traveled there for the occasion)." *Id.* at 93.

"[T]he fact that a corporation has labeled a particular location as its 'headquarters' is not conclusive." *Stoltz v. River Oaks Mgmt., Inc.*, No. 1:14-CV-244-HSO-RHW, 2014 WL 5514155, at *2 (S.D. Miss. Oct. 31, 2014) (citing *Hertz*, 559 U.S. at 96–97). "The dispositive factor is whether there is 'competent proof' that what takes place at those headquarters amounts to 'the center of overall direction, control, and coordination' for the corporation." *Id.* (quoting *Hertz*, 559 U.S. at 96–97).

By contrast, the citizenship of an LLC "is determined by the citizenship of its members." *Megalomedia Inc. v. Phila. Indem. Ins. Co.*, 115 F.4th 657, 659 (5th Cir. 2024). Where an LLC is

"doing business" or maintains its "principal place of business" is not "relevant to an LLC's citizenship." *Id.* at 660.

III.    Analysis

There are three entities under discussion—Defendant SEO (the LLC); Defendant SEC (the corporation); and SEC's parent corporation Southern Energy Corp. Alberta (SEC-AB). It is undisputed that SEC is the sole member of SEO. *See* Pl.'s Mem. [14] at 1 (identifying SEC as SEO's "sole member"); SEO Disclosure [7] at 1 ("SEO is a limited liability company whose sole member is the defendant Southern Entergy Corporation ('SEC').");  Atkinson Aff. [1-3] ¶ 16. So the motion turns on SEC's citizenship. The Court begins with SEC's explanation of its principal place of business then turns to Plaintiff's arguments.

A.      Defendants' Position

SEC submits that its principal place of business—that is, its "nerve center"—is Calgary, Alberta, Canada. Defs.' Mem. [16] at 5. Defendants explain that the "management of SEC is done by its officers and directors, along with the officers and employees of SEC's parent corporation—[SEC-AB]." *Id.*  In support, SEC relies on an Affidavit from its President and Chief Executive Officer, Ian Kennth Atkinson. *See* Atkinson Aff. [1-3] (attached to Notice of Removal). Atkinson explains the corporate characteristics of both SEC and SEC-AB.

> "[SEC] is a corporation organized and existing under the law of the State of Delaware," *id.* ¶ 10, and its "business address is . . . Wilmington, Delaware," *id.* ¶ 11. SEC is "headquartered" in Calgary, Alberta, Canada, *id.*, and "[a]ll decisions about the management of [SEC] are made from the corporate headquarters in Calgary," *id.* ¶ 15.

> SEC has two officers—Atkinson and Calvin Yau—both of whom reside in Calgary and work out of corporate headquarters in Calgary. *Id.* ¶ 12.

> "[SEC] has three directors"—Atkinson, Yau, and Gary McMurren—all of whom reside in Calgary. *Id.* ¶ 13.

3

"[SEC] does not have any employees . . . [a]ll managerial decision are conducted by the officers and employees of [SEC-AB]." *Id.* ¶ 14.

SEC-AB is the "sole owner" of SEC. *Id.* ¶ 9.

SEC-AB is "organized and existing under the laws of Alberta, Canada." *Id.* ¶ 3.

SEC-AB is headquartered in Calgary, Alberta, Canada. *Id.* ¶ 4.

"[SEC-AB] has three senior officers"—Atkinson, Yau, and McMurren—all of whom reside in Calgary and work out of the Calgary headquarters. *Id.* ¶ 5.

SEC-AB's board of directors has six members; five of which reside in Calgary. The sixth resides in Portugal. *Id.* ¶ 6.

SEC-AB has 11 employees, all of whom are located at the Calgary headquarters. *Id.* ¶ 7.

"All decisions about the management of [SEC-AB] are made from the corporate headquarters in Calgary, Alberta, Canada." *Id.* ¶ 8.

To sum up, SEC is headquartered in Calgary, its officers and directors reside and work in Calgary, and decisions about the management of SEC are made in Calgary. Likewise, SEC's parent company, SEC-AB, has its headquarters in Calgary. Defendants have shown that SEC is incorporated in Delaware and its nerve center, or principal place of business, is Calgary.

B.    Plaintiff's Arguments

Plaintiff makes two arguments for finding that SEC's principal place of business is Mississippi. First, she points to SEC's 2022 and 2025 Corporate Annual Reports with the Secretary of State, which list New Hebron, Mississippi, as the principal address. 2022 Rep. [14-2] at 8; 2025 Rep. [14-2] at 11. She believes "SEC's principal place of business changed . . . to New Hebron" in 2022, noting that filings from 2019 and 2020 list the principal address as Calgary. Pl.'s Mem. [14] at 5; *see* 2019 Appl. [14-2] at 2–4; 2020 Rep. [14-2] at 5–7.

But Plaintiff cites no authority suggesting that listing a "principal address" on a state filing equates to a corporation's principal place of business under § 1332. Just as labeling a

particular location as "'headquarters' is not conclusive," it follows that listing a principal address on a corporate filing is not determinative. Pl.'s Mem. [14] at 5 (quoting *Stoltz*, 2014 WL 5514155, at *2). Moreover, the Secretary of State filings she relies on list Atkinson as president and Yau as chief financial officer, giving Calgary addresses for both. 2020 Rep. [14-2] at 5–6; 2022 Rep. [14-2] at 8–10; 2025 Rep. [14-2] at 11–13. Such notations track with Atkinson's statement that SEC's officers control SEC from Calgary. *See* Atkinson Aff. [1-3] ¶¶ 12–15.

Second, Plaintiff alleges "SEC conducts the vast majority—if not all—of its operations in Mississippi." Pl.'s Mem. [14] at 1. In support, she relies on SEC's website. *See* Screenshots [14-1].[1] For example, she notes that the "Contact Us" page reflects a "US Office" in New Hebron:

**Southern Energy Corp.**

Suite #2400
333 – 7th Avenue SW
Calgary, AB T2P 2Z1
**Phone Number: 1-587-287-5400**

**US Office**

Southern Energy Operating, LLC
c/o Southern Energy Corp
8970 Hwy 13 North
New Hebron, MS  39140

Pl.'s Mem. [14] at 6 (quoting Screenshots [14-1] at 5). She then quotes this description of "Operations," which says "Southern Energy's primary assets are located in southern Mississippi, in the Mississippi Interior Salt Basin." *Id.* (quoting Screenshots [14-1] at 3); *see* Screenshots [14-1] at 4 (providing more description of Mississippi Interior Salt Basin). Finally, on the

---

[1] The screenshots Plaintiff submits are somewhat difficult to read and contain overlapping text. *Id.* And, as mentioned below, the document contains live URL links.

"Forms" page, she says the "Direct Deposit Form" uses the New Hebron address.  Pl.'s Mem.
[14] at 6-7 (citing Screenshots [14-1] at 6).

**Southern Energy Corp.**
8970 Hwy 13 North
New Hebron, MS 39140
Attention: Treasury
Phone: 1-877-559-3654 Fax: 403-452-9249
Email: accounting@southernenergy.ca

Screenshots [14-1] at 6.

These references to operations or assets in Mississippi on SEC's website are not
determinative.  In discussing the "nerve center" test, the Supreme Court gave this example:  "[I]f
the bulk of a company's business activities visible to the public take place in New Jersey, while
its top officers direct those activities just across the river in New York, the 'principal place of
business' is New York."  *Hertz*, 599 U.S. at 96.  The same can be said here.  While SEC may
conduct "visible" business activities in Mississippi, its top officers manage and direct SEC from
Calgary.  *Id.*

And the Court notes that the "Contact Us" page *first* lists the address for SEC as Calgary;
it then lists the address for SEO (the LLC) as New Hebron, with the notation "c/o Southern
Energy Corp."  Screenshots [14-1] at 5.  And, on the same page as the direct-deposit form, the
example royalty statement reflects a Calgary address.

| Operator | In |
|---|---|
| PAYABLE TO:<br>SOUTHERN ENERGY CORP.<br>2400, 333-7TH AVENUE SW<br>CALGARY, AB   T2P 2Z1<br>587-287-5400 | O<br>In<br>In<br>In<br>D<br>A |

6

*Id.* at 6.[2]  In short, the portions of the website that Plaintiff attached do not indicate the "nerve center" of SEC is Mississippi.  *Hertz*, 559 U.S. at 96.[3]

Ultimately, neither approach reveals that SEC's "nerve center" is New Hebron, in the face of Atkinson's affidavit.  *Id.*  Again, "[t]he dispositive factor is whether there is 'competent proof' that what takes place at [SEC's] headquarters amounts to 'the center of overall direction, control, and coordination' for the corporation."  *Stoltz*, 2014 WL 5514155, at *2 (quoting *Hertz*, 559 U.S. at 96–97).  Atkinson attests that SEC, and SEC-AB, have their headquarters in Calgary and SEC's Mississippi activities are controlled from there.  Atkinson Aff. [1-3] ¶ 15 ("All decisions about the management of Southern Energy Corporation [(SEC)] are made from the corporate headquarters in Calgary, Alberta, Canada.").

SEC and SEO are not Mississippi residents.  Diversity jurisdiction is satisfied; Plaintiff's motion to remand is denied.

C.    Discovery

Plaintiff alternatively moves for jurisdictional discovery.  Pl.'s Mem. [14] at 9.  "While a court should determine whether it has subject matter jurisdiction at the earliest possible stage in the proceedings, some jurisdictional discovery may be warranted if the issue of subject matter

---

[2] If one clicks on the direct-deposit form (from within Plaintiff's exhibit), a full "Application and Authorization for Direct Deposit" opens, which reflects SEO (not SEC) and the New Hebron mailing address at the top.  Likewise, if one clicks on the change-of-address form, it opens a full form which includes a Calgary address to mail the completed form:  "Southern Energy Corp. 333 – 7th Avenue S.W., Suite 2400, Calgary, Alberta T2P 2Z1."

[3] Plaintiff cites *Reagan Enterprises, LLC v. Senior Solutions Now, Inc.*, but that case is distinguishable.  No. 1:09-CV-123-B-D, 2010 WL 1345697 (N.D. Miss. Mar. 30, 2010); *see* Pl.'s Mem. [14] at 8.  There, it appears the district court referenced only the defendant's website and noted it mentioned only a Mississippi address and Mississippi telephone numbers.  *Reagan*, 2010 WL 1345697, at *2.  There is no suggestion of an affidavit from a corporate officer, as is presented here.  And, again, the SEC website refers to both the New Hebron address and the Calgary address.

jurisdiction turns on a disputed fact." *Bradford v. Securian Fin. Grp., Inc.*, No. 1:19-CV-112-LG-RHW, 2019 WL 2053985, at *2 (S.D. Miss. May 9, 2019) (quoting *In re MPF Holdings US LLC*, 701 F.3d 449, 457 (5th Cir. 2012)). "The party seeking jurisdictional discovery bears the burden of showing its necessity." *Id.* (citing *Freeman v. United States*, 556 F.3d 326, 341 (5th Cir. 2009)).

Plaintiff's request for jurisdictional discovery is denied. Particularly given Plaintiff's decision not to file a reply and specifically respond to Defendants' arguments and evidence, the Court finds she has not met her burden of showing discovery is necessary. *Id.*

IV.    Conclusion

The Court has considered all arguments raised; those not specifically addressed would not have changed the result. For the reasons stated, Plaintiff's motion to remand [13] is denied.

The parties are directed to contact the chambers of United States Magistrate Judge Andrew S. Harris to schedule a case-management conference.

**SO ORDERED AND ADJUDGED** this the 27th day of May, 2026.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE

8